IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KIREEM J JETER,** | ] |
| **Plaintiff,** | ] |
| v. | ] 2:20-cv-00470-ACA |
| **CITY OF BIRMINGHAM,** | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant City of Birmingham's motion to dismiss the complaint. (Doc. 7). Plaintiff Kireem Jeter, proceeding *pro se*, alleges that the City of Birmingham violated Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 by refusing him service at the Birmingham courthouse until after he moved out of a handicap parking spot because, despite his handicap parking decal, he "didn't look handicap[ped]." (Doc. 1 at 5). Mr. Jeter seeks $300,000 in punitive and compensatory damages. (*Id.*).

The court **GRANTS IN PART** and **DENIES IN PART** the City's motion to dismiss the complaint. First, the court **DENIES** the motion to dismiss the complaint for failure to state a claim. To state a claim under Title II of the ADA, a plaintiff must allege facts showing "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public

entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). Mr. Jeter has alleged that he has a disability, but that based on his appearance, Birmingham officials denied him access to both a handicap parking spot and the city courthouse until he moved his car out of the spot he was entitled to park in. That is sufficient to state a claim under the ADA at the dismissal stage.

Next, the City appears to argue that because it cannot tell whether Mr. Jeter is proceeding under a theory of intentional discrimination, disparate impact, or failure to make reasonable accommodation, the court should dismiss the complaint. (Doc. 7 at 4). The court disagrees. It is clear that Mr. Jeter's complaint asserts only a claim for intentional discrimination under Title II. (*See generally* Doc. 1).

Third, the City argues that Mr. Jeter cannot obtain an award of punitive damages against it. (Doc. 7 at 5–6). Here, the court agrees with the City. Punitive damages are unavailable in a suit under Title II of the ADA. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Accordingly, the court **GRANTS** the City's motion to dismiss the request for punitive damages.

Finally, the City asks in passing that this court order Mr. Jeter "to provide a more definite statement for each count and which statute is allegedly being violated

under each." (Doc. 7 at 6). Federal Rule of 12 permits a party to move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although Mr. Jeter's complaint is certainly short, the court does not find it so vague or ambiguous that the City cannot reasonably respond to it. Accordingly, the court **DENIES** the request order a more definite statement.

**DONE** and **ORDERED** this May 27, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE