# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KIREEM J JETER,** | ] |
| **Plaintiff,** | ] |
| v. | ]   2:20-cv-00470-ACA |
| **CITY OF BIRMINGHAM,** | ] |
| **Defendant.** | ] |

## MEMORADUM OPINION

Plaintiff Kireem Jeter filed this lawsuit alleging that Defendant City of Birmingham violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, by requiring him to move out of a handicap parking spot because he did not look disabled. (Doc. 1 at 5). The City and Mr. Jeter have filed cross-motions for summary judgment. (Docs. 39, 43).

The undisputed evidence establishes that the City asked Mr. Jeter to move his car because he parked in an employee-only parking lot. As a result, no reasonable jury could find that the City violated the ADA. The court **WILL GRANT** the City's motion for summary judgment and **WILL DENY** Mr. Jeter's motion for summary judgment.

## I.     BACKGROUND

On cross-motions for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to [each] non-moving party." *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1239 (11th Cir. 2018) (quotation marks omitted).  In this case, no one disputes the material facts.

Birmingham's Municipal Services Building is located on the corner of 18th Street North and Reverend Abraham Woods Jr. Boulevard, next door to the Birmingham Municipal Court.  (Doc. 41-1 at 11, 48).  The City has an employee-only parking lot with two handicap parking spots right next to the Municipal Services Building.  (*Id.* at 48–49).  On-street parking is available on 18th Street North, but none of the on-street spots are handicap accessible. (*See id.* at 12, 48; Doc. 44 at 30).  Mr. Jeter also submitted an aerial photograph of the Municipal Services Building showing what appears to be public parking with five handicap spots located on the far side of the Municipal Court.[1]  (Doc. 44 at 30).

In November 2019, Mr. Jeter was visiting the Municipal Services Building to seek a warrant against his daughter's mother for violating a protective order.  (Doc. 41-1 at 10–12).  Mr. Jeter sometimes uses a wheelchair and has a valid handicap

---

[1] The City objects to this photograph as "previously unproduced and unverified."  (Doc. 46 at 3 ¶ 14).  Because inclusion of the photograph does not change the outcome in this case, the court will consider the photograph.

parking decal on his car. (*Id.* at 12). He parked in the handicap parking spot in the employee parking lot, but when he entered the building, a magistrate told him that he had to move out of the parking lot and refused to provide any service until he moved his car. (*Id.* at 12–13, 48).

As Mr. Jeter left, he could hear a security guard and the magistrate saying that the handicap decal was probably not his because "it looks like nothing is wrong with him" and they "hate when people use handicap [placards] and nothing is wrong with them." (Doc. 41-1 at 13). He parked in an on-street parking spot on the far side of 18th Street North. (*Id.* at 13, 48). On his way back, he almost fell crossing the street. (*Id.* at 13). When he returned, the magistrate again refused to help him get a warrant, telling him that she could not issue a warrant based on a photograph. (*Id.* at 13).

## II.  DISCUSSION

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The City does not dispute that it is a public entity or that Mr. Jeter is a qualified individual with a disability. (Doc. 40 at 7). Instead, it seeks summary judgment on the ground that, because Mr. Jeter was not entitled to park in the employee parking lot, it did not exclude him from participation in or deny him the benefits of a service based on his disability.

(Doc. 40 at 8–10). Mr. Jeter opposes summary judgment in the City's favor and moves for summary judgment in his own favor on the ground that the City's failure to provide handicap parking to the public violates the ADA.[2] (Doc. 43 at 4).

Mr. Jeter does not dispute that the parking spot he initially used was in an employee-only parking lot. (*See* Doc. 44 at 3 ¶ 7). He therefore cannot establish that the City refused to let him park there because of his disability. *See Kornblau v. Dade Cnty.*, 86 F.3d 193, 194 (11th Cir. 1996) (holding that a disabled plaintiff could not prevail on her ADA claim where the county prohibited the public, including disabled members of the public, from parking in the employee-only parking lot, because "nothing in the [ADA], its purpose, or the regulations can reasonably be read to give disabled parkers access to areas that would not be available to them if they were not disabled").

Mr. Jeter argues that the ADA requires the City to provide handicap parking to the public. (Doc. 44 at 4). As an initial matter, the aerial photograph Mr. Jeter submitted appears to show that the City does have public parking with handicap accessible spots (*see id.* at 30), defeating his claim from the outset. But even if the

---

[2] The parties also make arguments about whether the magistrate's refusal to help Mr. Jeter with the warrant was a violation of the ADA. (Doc. 40 at 8–9; Doc. 43 at 4–6; Doc. 44 at 7–9). Mr. Jeter's complaint does not assert a claim based on the refusal to help him with a warrant; it asserts only that forcing him to move his parking spot based on his appearance violated the ADA. (*See* Doc. 1 at 5). "A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Accordingly, the court does not address any claim relating to the magistrate's refusal to assist Mr. Jeter in obtaining a warrant.

court disregarded that photograph and the evidence established that the Municipal Services Building did not have a public parking lot with handicap accessible spots, Mr. Jeter could not prevail on his claim. The federal regulations require a public entity to provide handicap spots "*[i]f* parking spaces are provided for self-parking by employees or visitors, or both." 28 C.F.R., part 36, app. D, § 4.1.2(5)(a) (emphasis added). The regulations do not require a public entity to provide handicap accessible spots if the entity does not provide public parking.

Based on the undisputed facts, no reasonable jury could find in Mr. Jeter's favor or against the City. The court must therefore grant summary judgment in favor of the City and against Mr. Jeter.

### III.  CONCLUSION

The court **WILL GRANT** the City's motion for summary judgment and **WILL DENY** Mr. Jeter's motion for summary judgment.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this November 18, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE